UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| M.A.G. BY AND THROUGH HIS GUARDIAN AD LITEM LOREN BASSO,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:23-cv-01595-EJY<br><br>**ORDER** |
|---|---|

Plaintiff M.A.G., by and through his guardian ad litem Loren Basso, seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") finding Plaintiff was not disabled under Title XVI of the Social Security Act. ECF No. 12. Defendant filed a Cross-Motion to Affirm and Response. ECF Nos. 14, 15. Plaintiff did not file a response to the Cross-Motion or a Reply in support of his brief seeking judicial review of Defendant's final decision.

**I.   Background**

Plaintiff filed an application for disability benefits on October 27, 2020. Administrative Record ("AR") 206-215. The Social Security Administration denied Plaintiff's application initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 78, 206-215. The ALJ held a hearing on July 29, 2022. AR 48-70. On September 8, 2022, the ALJ issued a decision finding Plaintiff was not disabled from the date of application through the date of the decision. AR 39. Plaintiff requested review of the ALJ's decision (AR 203-205), which was denied on August 8, 2023. AR 1-7. Plaintiff now seeks judicial review of Defendant's decision.

**II.   Standard of Review**

The reviewing court shall affirm Defendant's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial

evidence is "more than a mere scintilla," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)).  In reviewing the alleged errors, the Court must weigh "both the evidence that supports and detracts from the conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. Establishing Disability Under the Act

When determining whether a child is disabled, an ALJ must apply the three step sequential evaluation process established under Title 20 of the Code of Federal Regulations § 416.924.  A child is disabled if he/she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).  The three step process requires the ALJ to determine whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a medically determinable impairment or combination of impairments that is severe, and (3) the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment or functionally equals the listings.  20 C.F.R. § 416.924(b)-(d); *Nesmith ex rel. A.S. v. Astrue*, Case No. CV-07-217, 2008 WL 958206, at *2 (E.D. Wash. Apr. 8, 2008).  "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).

"If an impairment does not meet the requirements of, or is not medically equal to, a listed impairment, the claimant may still be disabled if his impairment or combination of impairments is

found to be 'functionally equivalent' to a listed impairment." *Dickerson v. Comm'r of Soc. Sec.*, Case No. 1:22-CV-01217-SAB, 2023 WL 4686352, at *2 (E.D. Cal. July 21, 2023). In determining functional equivalence, "the ALJ considers all of the child's activities, 'everything [the child does] at home, at school, and in [the] community.'" *Id.*, *citing* 20 C.F.R. § 416.926a(b). The regulations identify six "areas of functioning intended to capture all of what a child can or cannot do," referred to as "domains," that include the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). In order to establish an impairment or combination of impairments is functionally equivalent to the listings, a claimant must show his/her impairment or combination of impairments results in an extreme limitation in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(d).

A child has an extreme limitation in a domain if impairments "interferes very seriously with … [the child's] ability to independently initiate, sustain, or complete activities. … [D]ay-to-day functioning may be very seriously limited when … impairment(s) limits only one activity or when the interactive and cumulative effects of … impairment(s) limit several activities. Extreme limitation also means a limitation that is more than marked. Extreme limitation is the rating we give to the worst limitations." 20 C.F.R. § 416.926a(e)(3)(i) (internal quote marks removed). A marked limitation is one in which the "impairment(s) interferes seriously with … [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A child's "day-to-day functioning may be seriously limited when … [his/her] impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. Marked limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" *Id*. (Internal quote marks removed.) A "less than marked limitation" is not defined in 20 C.F.R. § 416.926a.

**IV.     Summary of the ALJ's Decision**

The ALJ applied the three-step sequential analysis under 20 C.F.R. 416.926(a). AR 24-39. The ALJ found Plaintiff was born on January 30, 2014, was a school-age child on the application

date (October 27, 2020), and is currently a school-age child.  AR 25.  At step one of the sequential process, the ALJ found Plaintiff has not engaged in substantial gainful activity since the application date.  *Id*.  The ALJ next found Plaintiff has the following severe impairments: autism spectrum disorder and attention deficit hyperactivity disorder ("ADHD") (step two).  *Id*.  The ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (*Id.* at 25-26), and further found Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings (*Id.* at 26-38).  In assessing the six domains of functioning, the ALJ found Plaintiff had (1) less than a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) less than a marked limitation in interacting with others; (4) less than a marked limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) less than a marked limitation in health and physical well-being (step three).  *Id.*  The ALJ concluded Plaintiff has not been disabled since the application date.  AR 39.

**V.      Issues Presented**

Plaintiff contends the ALJ's finding that Plaintiff has less than marked limitations in his ability to interact and relate with others was not supported by substantial evidence because medical evidence and observations by educators demonstrate Plaintiff's extreme limitation in this domain.  ECF No. 12 at 8-14.  Plaintiff says this constitutes reversible error.  *Id* at 8.  In support of his argument, Plaintiff says the ALJ did not use state agency examiners' opinions when reaching his conclusions regarding Plaintiff's ability to interact and relate with others.  *Id*. at 13.  Plaintiff also says that because there is medical evidence in the record collected after the state agency physicians rendered their opinions, the ALJ should have further developed the record.  *Id* at 13-14.

Defendant asserts the ALJ's analysis of the evidence shows Plaintiff's limitation in the domain of interacting and relating with others is not extreme.  ECF No. 14 at 4-14.  Defendant submits the ALJ considered the entire record, including the state agency examiners' opinions, in forming his conclusions.  *Id*. at 15-16. Defendant concludes Plaintiff's argument that the ALJ should have further developed the record is contrary to the law.  *Id*. at 16.

## VI. Discussion

A. <u>Plaintiff fails to Establish a Factual or Legal Basis for Remand</u>.

Plaintiff seeks remand by taking issue with a number of the ALJ's findings that he compares to statutory examples. However, Plaintiff fails to consider the impact of the ALJ's findings as a whole and ignores that together these findings meet the substantial evidence standard sufficient to support the ALJ's conclusions.

1. The ALJ states "[a] mental status examination in November 2019 documented guarded interaction and fair eye contact (Exhibit 1F/5)." AR 35. Plaintiff argues because Plaintiff's interaction was "guarded," this note is analogous to the "avoiding people" example found in 20 C.F.R. § 416.926a(i)(3). ECF No. 12 at 11. Plaintiff concludes "[t]he ALJ is required to review the record as a whole," but does not explain how this single example supports this argument. *Id.* In fact, the Court finds Plaintiff fails to consider the record findings by the ALJ as a whole and, therefore, fails to support his argument for remand.

2. The ALJ found "[d]uring a psychological evaluation in October 2020, the claimant was noted to demonstrate a positive rapport with the examiner (Exhibit 6F)." AR 35. Plaintiff argues that he and the examiner had a positive rapport, the examiner also observed Plaintiff "had moderate to severely atypical social-emotional understanding and relating to people in the Childhood Autism Rating Scale-2," and Plaintiff had inconsistent eye contact and changing affect based on moment." ECF No. 12 at 11-12, *citing* AR 334, 339. In sum, Plaintiff takes issue with a single sentence in the ALJ's opinion while failing to provide the Court with a reason to reject the ALJ's collective reasoning and decision as unsupported by substantial evidence. *Id.*

3. Plaintiff next takes issue with the ALJ's statement regarding "[a]n IEP for the 2020 through 2021 school year" in which Plaintiff was found to have "behavioral disruptions that adversely impacted his educational experience such as poor social interaction." *Id.* at 12, *citing* AR 35. Plaintiff offers a conclusion stating only: "[t]his reason again supports an extreme limitation based on the examples provided by the regulations." *Id.*

4. The ALJ states "[a] speech therapist evaluated the claimant and found no expressive or reception language delays or speech concerns aside from some mild pragmatic language concerns that could be addressed in the classroom without the need for speech therapy services (Exhibit 7F/4-7)." AR 35. Plaintiff argues "[t]hat same speech therapist … identified that he is not average range in treating others appropriately despite having no expressive perception language delays." ECF No. 12 at 12, *citing* AR 349. Plaintiff submits this "not average" finding by the speech therapist is sufficient to establish he suffers from an "extreme limitation." Plaintiff offers no law supporting his conclusion and the Court found none.

5. Plaintiff takes issue with the following finding by the ALJ: "It was noted in the claimant's IEP that he had mostly above average social and personal interactions except when obeying classroom rules for behavior (Exhibit 7F/6)." AR 35. Plaintiff contends the ALJ's description of Plaintiff's IEP fails to mention Plaintiff engaged in aggressive and inappropriate behaviors

5

           with peers and staff. ECF No. 12 at 12, *citing* AR 348-50. Plaintiff's contention shows disagreement with the ALJ's assessment of the evidence, but provides nothing to support that this disagreement is a basis for the Court to find reversible error.

6.     The ALJ found "[d]uring an August 2021 pediatric visit, the claimant's mother reported that the claimant was playing with other kids (Exhibit 8F/27-30)." AR 35. Plaintiff's mother also reported improvement in Plaintiff's behavior. AR 390, 410. Plaintiff argues the ALJ failed to discuss Plaintiff's behavior from two years before the August 2021 pediatric visit. ECF No. 12 at 13, *citing* AR 62-64. Plaintiff ignores that the ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions. *Van R. v. O'Malley*, Case No. CV 5:23-00637 RAO, 2024 WL 897571, at *7 (C.D. Cal. Feb. 29, 2024) ("[A]n ALJ need not discuss every shred of evidence presented to him.").

The Court finds Plaintiff's arguments insufficient to support remand. Plaintiff's conclusions do not point to any law or application of fact to law showing the ALJ's overall consideration of the record is unsupported by substantial evidence. *Melinda E. v. Kijakazi*, Case No. 2:21-CV-344-JAG, 2023 WL 2731031, at *3 (E.D. Wash. Mar. 30, 2023), *quoting Gonzalez-Hernandez v. Colvin*, Case No. 13-CV-5086-TOR, 2014 WL 4685234, at *5 (E.D. Wash. Sept. 19, 2014) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work-framing the argument and putting flesh on its bones through a discussion of the applicable law and facts."). Plaintiff asks the Court to agree with his conclusions without himself doing exactly what he accuses the ALJ of doing; that is, Plaintiff ignores the record as a whole. Plaintiff seeks a different outcome based on his interpretation of the facts—an outcome the law does not support. *Ford*, 950 F.3d at 1154 ("[i]f the evidence is susceptible to more than one rational interpretation, … the ALJ's conclusion that must be upheld.").

      B.    <u>The Evidence Does Not Support Plaintiff's Conclusion That he Suffers From an Extreme Limitation in The Interacting And Relating With Others Domain.</u>

For a disability finding to be adequately supported by limitations in only one domain, Plaintiff must have an "extreme" limitation in that domain. 20 C.F.R. § 416.926a(d). When assessing the extent of Plaintiff's limitations in his ability to interact and relate with others, an ALJ must consider "how well [Plaintiff] initiate[s] and sustain[s] emotional connections with others, develop[s] and use[s] the language of [Plaintiff's] community, cooperate[s] with others, compl[ies] with rules, respond[s] to criticism, and respect[s] and take[s] care of the possessions of others." 20

C.F.R. § 416.926a(i).[1] Plaintiff repeatedly argues that because his behavior supposedly aligns with some examples provided in 20 C.F.R. § 416.926a(i)(3), the ALJ was required—that is, had no discretion—to find that Plaintiff suffers an "extreme" limitation in this domain. ECF No. 12 at 8-14. This is not the legal standard established by the regulation or case law.

Even given some evidence that Plaintiff's behavior was similar to examples found in the statute, "the regulations and rulings specifically indicate that such behaviors do not necessarily constitute a 'marked' or 'extreme' limitation." *Morse ex rel. Morse v. Astrue*, Case No. CV-10-107-CI, 2011 WL 2518743, at *4 (E.D. Wash. June 23, 2011).[2] Instead, the examples demonstrate only that some limitation exists. *Id. See also Gordon on behalf of S.M.C.G. v. Comm'r of Soc. Sec.*, Case No. 18-11432, 2019 WL 3423320, at *4 (E.D. Mich. July 29, 2019) ("[t]hese are not elements of a qualification test for a marked or extreme limitation … [t]hey are merely examples.");[3] *Vallian ex rel. K.E.S. v. Astrue*, Civil Action H-10-1739, 2011 WL 3648127, at *13 (S.D. Tex. July 26, 2011), *report and recommendation adopted sub nom. Vallian v. Astrue*, Civil Action H-10-1739, 2011 WL 3651024 (S.D. Tex. Aug. 17, 2011) ("the activities listed in the SSA regulations are not requirements, but mere examples."). Thus, to the extent Plaintiff's behaviors aligns with any examples in 20 C.F.R. § 416.926a(k)(3), this did not control the ALJ's finding.

---

[1] "Examples of limited functioning in interacting and relating with others. The following examples describe some limitations we may consider in this domain. Your limitations may be different from the ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example applies in your case may depend on your age and developmental stage; e.g., an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.
  (i) You do not reach out to be picked up and held by your caregiver.
  (ii) You have no close friends, or your friends are all older or younger than you.
  (iii) You avoid or withdraw from people you know, or you are overly anxious or fearful of meeting new people or trying new experiences.
  (iv) You have difficulty playing games or sports with rules.
  (v) You have difficulty communicating with others; e.g., in using verbal and nonverbal skills to express yourself, carrying on a conversation, or in asking others for assistance.
  (vi) You have difficulty speaking intelligibly or with adequate fluency."
20 C.F.R. § 416.926a(i)(3).

[2] This case interprets the examples provided in 20 C.F.R. § 416.926a(k)(3), which pertains to the domain of caring for oneself, which contains language identical to 20 C.F.R. § 416.926a(i)(3). The Court finds the analysis of the language in 20 C.F.R. § 416.926a(k)(3) is instructive here.

[3] This case interprets the examples found in 20 C.F.R. § 416.926a(g)(3) pertaining to the domain of acquiring and using information. For the reasons described in n.2, the Court finds this discussion analogous to the case at bar.

7

Further, as mentioned above, Plaintiff's argument that the ALJ did not discuss specific facts in his analysis of the record does not establish the ALJ's opinion is unsupported by substantial evidence. At the risk of redundancy, the ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions. *Van R.*, 2024 WL 897571, at *7; *see also Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("Our cases do not … require ALJs to draft dissertations when denying benefits."). Instead, "[a]s long as the ALJ's conclusion is supported by substantial evidence, … it must be upheld." *Van R.*, 2024 WL 897571, at *7. Here, the ALJ engaged in a thorough analysis of the record regarding Plaintiff's limitations in the domain of interacting and relating with others explaining how the evidence demonstrated Plaintiff's limitations were less than marked in this domain. AR 35. The Court finds the evidence on which the ALJ relied is sufficient to demonstrate evidence "a reasonable mind might accept as adequate to support a conclusion." *Ford*, 950 F.3d at 1154. Thus, Plaintiff's argument fails to establish a basis for remand.

  C. <u>State Agency Physician Opinions Were Considered; no Duty to Develop Was Triggered</u>.

Plaintiff contends the ALJ failed to consider state agency physician opinions when assessing Plaintiff's limitations in the domain of interacting and relating with others. ECF No. 12 at 13. However, the ALJ's opinion states the ALJ considered both state agency opinions finding Plaintiff's "impairments do not meet, equal, or functionally equal the severity of the listings as they cause no limitations in the domain of caring for oneself and less than marked limitations in all other domains." AR 31. The ALJ further states the state agency physicians' opinions were persuasive. AR 31. Thus, Plaintiff's argument is undermined by the record.

Plaintiff also takes issue with the fact that the state agency physicians' opinions were rendered prior to December 31, 2021, and evidence collected after that date was not reviewed by a physician before the case was presented to the ALJ. ECF No. 12 at 13. Plaintiff contends the ALJ should have requested an opinion from a medical provider who had the opportunity to review the entire record. *Id*. at 13-14. "While an ALJ has an independent duty to fully and fairly develop the record, this duty is triggered 'only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.'" *Boh v. Saul*, Case No. 2:20-CV-00350-

EJY, 2021 WL 2772554, at *10 (D. Nev. July 2, 2021), *quoting Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (internal citation omitted).  Plaintiff does not argue the record is ambiguous; instead, Plaintiff says the ALJ had a duty to further develop the record simply because there are medical records in evidence dated after the state agency physicians rendered their opinions. "The mere existence of medical records post-dating a state agency physician's review does not in and of itself trigger a duty to further develop the record." *Id.* at *4, *quoting Stivers v. Saul*, 2021 WL 1193794, at *8 (E.D. Cal. Mar. 30, 2021).  The Court finds the ALJ's duty to develop the record was not triggered in the absence of a demonstration the record evidence was ambiguous, an argument Plaintiff could, but did not make.

## VII. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 18th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE